# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| THOMAS TIERNEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 17-11657-FDS |
| v. | ) | |
| | ) | |
| TOWN OF FRAMINGHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS FOR SANCTIONS

**SAYLOR, J.**

This is an action alleging a variety of claims for relief under 42 U.S.C. § 1983. The *pro se* complaint contends that the Town of Framingham, two police detectives, the Massachusetts Division of Children and Families, two social workers, an extended family member, five private attorneys, a state judge, the Middlesex County District Attorney, and an Assistant District Attorney unlawfully attempted to deprive plaintiffs Thomas and Joann Tierney of custody of their grandson.

Nearly all defendants have moved to dismiss the complaint for a multitude of reasons.[1] Among them are lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to provide a short and plain statement of plaintiffs' theory of relief. In

---

[1] It appears that plaintiffs have not completed service of process on any of the named defendants. Fed. R. Civ. P. 4(m) provides plaintiffs 90 days from the date the complaint is filed to complete service of process on domestic defendants. The rule further states that a court "must extend the time for service for an appropriate period" if the "plaintiff shows good cause for the failure." Because the complaint was filed September 1, 2017, plaintiffs would have had until November 30, 2017, to effect service. However, "[p]ro se status . . . is not automatically enough to constitute good cause for purposes of Rule 4(m)." *McIsaac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) (citation omitted).

addition, three defendants have requested that the Court award them reasonable costs and attorney's fees. For the reasons stated below, the motions to dismiss will be granted, and the requests for costs and attorney's fees will be denied.

I.  **Background**

    A.  **Factual Background**

The facts are set forth as described in the complaint, supplemented by certain official public records.[2]

Thomas and Joann Tierney (collectively, the "Tierneys") are grandparents and legal guardians of minor child T. (Compl. at 1).[3] In early 2015, the Tierneys brought T. to Framingham Union Hospital tied in cords. *See generally Commonwealth v. Tierney*, Docket No. 1581-cr-00016 (Middlesex Superior Court).[4] Medical personnel reported the incident to the Massachusetts Department of Children and Families ("DCF") and the Framingham police. (Compl. at 4-5). The complaint suggests that detectives Stacey Macaudda and Phillip Hurton were the investigating officers. (*Id.* at 1).[5] The Tierneys were then charged by the Middlesex District Attorney's office with assault and battery and child endangerment. *See Commonwealth v. Tierney*. Attorney John Daly was initially appointed to defend the Tierneys in Middlesex Superior Court. (Compl. at 5). He was eventually replaced by attorney Michael Brennan. (*Id.*). It appears that the prosecuting Assistant District Attorney was Kate Cimini. (*Id.* at 1).

---

[2] Under Fed. R. Civ. P. 12(b)(6), a court normally cannot consider evidence outside the complaint and attached exhibits without converting the motion into a motion for summary judgment. However, the First Circuit has recognized "narrow exceptions" to that rule, including "official public records." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

[3] The complaint states that the Tierneys are suing on behalf of themselves and T.

[4] The complaint characterizes the incident as the Tierneys placing T. in a "secure physical hold." (Compl. at 4).

[5] The complaint incorrectly identifies Macaudda's last name as "Macauder."

2

T. was then removed from the custody of the Tierneys by DCF for 96 days while he was hospitalized. (*Id.* at 7). The complaint suggests that Justice Gloria Tan of the Massachusetts Juvenile Court presided over a hearing involving the Tierneys. (*Id.* at 5). The complaint alleges that Justice Tan "enforced a state scheduling law ['the 72-hour rule']" during this hearing. (*Id.*). Attorneys Belle Soloway, Judith Hyatt, and Cynthia Pucillo were appointed to represent Thomas, Joann, and T., respectively, at the hearing. (*Id.* at 1).

### B. Procedural Background

Plaintiffs filed the complaint in this action on September 1, 2017. A letter was filed with the Court on September 12, 2017, requesting that certain minor changes be made to the complaint. The Court construed the letter as a motion to amend the complaint, which was granted on September 14, 2017.

The complaint purports to assert claims against 15 different individuals and entities: (1) the Town of Framingham, (2) Detective Stacey Macaudda, (3) Detective Phillip Hurton, (4) the DCF, (5) DCF social worker Chad Cronin, (6) DCF social worker Debra Connors, (7) John Lapinski, (8) attorney Belle Soloway, (9) attorney Judith Hyatt, (10) attorney Cynthia Pucillo, (11) Justice Gloria Tan, (12), attorney John Daly, (13) attorney Michael Brennan, (14) Middlesex District Attorney Marian Ryan, and (15) Middlesex Assistant District Attorney Kate Cimini.[6] The complaint appears to assert a legal malpractice claim against the private attorney defendants, and a § 1983 claim against all defendants. The complaint requests that this Court (1) dismiss pending criminal charges against the Tierneys in state court, (2) declare the "72-hour

---

[6] The complaint states that there are 17 defendants. However, attorney Daly is listed as defendants 12, 13, and 14. In addition, the caption indicates that "John Lapinski" is the "father of J. [T.'s half-bro./Tom & Joann's grandson]." (Compl. at 1). However, the complaint makes no claims against Lapinski, and only states that he, "for reasons unrelated to this case, provided false and harmful information to [the DCF]." (*Id.* at 5).

3

rule" unconstitutional, and (3) award approximately $3 million in damages.

Eleven defendants have filed motions to dismiss the complaint for a variety of reasons.[7] In addition, in their motions to dismiss, defendants Daly, Hyatt, and Soloway have requested that this Court award them their reasonable costs and attorney's fees.[8]

## II. Analysis

### A. Defendants' Motions to Dismiss Under Rules 12(b)(1) and 12(b)(6)

Defendants have moved to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6).[9] The complaint states that "[n]o diversity claim is being made" and that the basis for federal-question jurisdiction is the "right to a speedy trial and the right to counsel under the Sixth Amendment" and "due process and equal protection rights under the Fourteenth Amendment." (Compl. at 4) (internal quotation marks omitted). It appears that the complaint purports to allege claims under 42 U.S.C. § 1983, and therefore federal-question jurisdiction exists.

#### 1. Legal Standard on a Motion to Dismiss

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its

---

[7] The eleven defendants who have filed motions to dismiss are: (1) Daly, (2) Pucillo, (3) Hurton, (4) Macaudda, (5) the Town of Framingham, (6) Brennan, (7) Hyatt, (8) Justice Tan, (9) Soloway, (10) Ryan, and (11) Cimini.

[8] Daly and Hyatt have requested sanctions pursuant to Fed. R. Civ. P. 11. Soloway has requested attorney's fees pursuant to 42 U.S.C. § 1988(b).

[9] Six defendants have moved to dismiss the complaint for lack of subject-matter jurisdiction: (1) Daly, (2) Pucillo, (3) Hyatt, (4) Tan, (5) Cimini, and (6) Ryan. All 11 defendants who have filed motions to dismiss contend that the complaint fails to state a claim upon which relief can be granted.

face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, while *pro se* complaints "are accorded 'an extra degree of solicitude' . . . even a *pro se* plaintiff is required to 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Wright v. Town of Southbridge*, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting *Adams v. Stephenson*, 1997 WL 351633, at *1 (1st Cir. June 23, 1997)).

### 2. Section 1983 Claims against Private Attorney Defendants (Daly, Hyatt, Brenn, Ryan, and Soloway)

Section 1983 provides a remedy for the deprivation of "any rights, privileges, or immunities secured by the Constitution and laws [of the United States]" by an individual acting

5

under color of state law. 42 U.S.C. § 1983. "To state a valid cause of action under 42 U.S.C. § 1983, a plaintiff must show that she was deprived of a secured right by a person acting on behalf of (or in concert with) state officials." *Runge v. Kelly*, 2006 WL 167497, at *2 (D. Mass. Jan. 23, 2006) (citation omitted).

Because of the state-action requirement, section 1983 rarely creates a right of action against private persons. *See Aldrich v. Ruano*, 952 F. Supp. 2d 295, 301 (D. Mass. 2013).[10] The complaint appears to suggest that because the attorney defendants were court-appointed, they acted under color of state law. (*See* Compl. at 5-6). However, the mere fact that private attorneys were appointed to represent civil litigants or criminal defendants does not implicate state action. *See Aldrich*, 952 F. Supp. 2d at 301 ("It is well-settled that a lawyer (even a court-appointed one) does not act under the color of state law in performing a lawyer's traditional function as counsel to a party."). Accordingly, there is no valid section 1983 claim against the private attorney defendants.[11]

### 3. Claims against Defendant Lapinski

As noted, there are no claims in the complaint against defendant Lapinski. Furthermore, because he is also a private party, it is almost certain that there is no valid section 1983 claim against him. The claims against Lapinski, if any, will be dismissed unless plaintiffs show cause to the contrary in writing within 14 days.

---

[10] The Supreme Court has set forth three tests for determining whether a private party's actions may be deemed to have occurred under color of state law: (1) the public function test, (2) the state compulsion test, and (3) the "nexus" test. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). It is readily apparent that none are applicable.

[11] The complaint also fails to state a claim for legal malpractice, as it offers only conclusory allegations that the private attorney defendants were ineffective. *See Max-Planck-Gesellschaft ZUR Foerderung Der Wissenschaften E.V. v. Wolf Greenfield & Sacks, PC*, 661 F. Supp. 2d 125, 128 (D. Mass. 2009) ("Under Massachusetts law, the elements of a claim for legal malpractice are: (1) the attorney failed to exercise reasonable care and skill in handling the matter for which he was retained; (2) the client incurred a loss; and (3) the attorney's negligence is the proximate cause of the loss.") (citations omitted).

### 4. Claims against Official State Defendants (Tan, Ryan, and Cimini)

Defendants Tan, Ryan, and Cimini contend that sovereign immunity bars any claims for damages against them. Under the Eleventh Amendment, "states are immune . . . from private suit in federal courts, absent their consent" for claims seeking money damages. *Greenless v. Almond*, 277 F.3d 601, 606 (1st Cir. 2002). That immunity extends to any entity that is an "arm of the state," including the Juvenile Court and Middlesex District Attorney's office. *Wojcik v. Massachusetts State Lottery Comm'n*, 300 F.3d 92, 99 (1st Cir. 2002). Sovereign immunity also extends to state officials who are sued in their official capacity for damages. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Plaintiffs bear the "burden of proving [that] sovereign immunity has been waived." *Mahon v. United States*, 742 F.3d 11, 14 (1st Cir. 2014).

Here, plaintiffs have not even attempted to show that sovereign immunity has been waived. Accordingly, the claims for damages against Justice Tan and the Middlesex District Attorney defendants will be dismissed.[12] For the same reason, the claims for damages against the DCF, Cronin, and Connors will be dismissed unless plaintiffs show cause to the contrary in writing within 14 days.

---

[12] The Middlesex District Attorney defendants further contend that prosecutorial immunity applies to bar the claims against them in their personal capacity. To the extent that the complaint alleges claims against those defendants in their personal capacity, those claims are barred. *See Holloman v. Clarke*, 236 F. Supp. 3d 493, 497 (D. Mass. 2017) ("When performing their traditional roles as judicial advocates, prosecutors are afforded absolute immunity.") (citing *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976)).

Similarly, Justice Tan contends that absolute judicial immunity applies to bar the claims against her. To the extent that the complaint alleges claims against Justice Tan in her personal capacity, those claims are barred. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is overcome in only two narrow circumstances, neither of which are applicable here. *See id.*

7

### 5. Claims against Municipality and Municipal Official Defendants (Framingham, Macaudda, and Hurton)

The Town of Framingham and detectives Macaudda and Hurton also contend that the complaint fails to plead a viable section 1983 claim against them. Local governments can be sued under section 1983 only where the violation of a constitutional or federal right occurs pursuant "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). In addition, the policy must have actually caused the plaintiff's injury, and the municipality must possess a "requisite level of fault, which is generally . . . 'deliberate indifference.'" *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 26 (1st Cir. 2005) (quoting *Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997)).

Here, the complaint merely alleges that the Town of Framingham is liable because it "is the employer of [detectives Macaudda and Hurton] and, as such, their actions are imputed to it." (Compl. at 4). However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Therefore, the section 1983 claim against Framingham will be dismissed.

Although individual police officers are not entirely immune from suit, the complaint nonetheless fails to state a section 1983 claim against detectives Macaudda and Hurton. The complaint alleges that the detectives presented false testimony before the Juvenile Court, Framingham District Court, and Middlesex Superior Court, and that they "'forgot' to tape record their September 2014 interview with Tom and Joann." (Compl. at 4). Police officers enjoy absolute immunity from claims for damages under section 1983 when testifying in criminal proceedings. *See Briscoe v. Lahue*, 460 U.S. 325, 341-42 (1983). Furthermore, the complaint

fails to identify what purportedly false statements were made or even when they were made. Because the complaint only offers conclusory allegations against the detective defendants, the section 1983 claims against them will be dismissed.

### 6. State-Law Claims

The complaint appears to also allege claims for legal malpractice against the private-attorney defendants. However, such claims arise under state, rather than federal law.

A district court may exercise supplemental jurisdiction under 28 U.S.C. § 1441(c) over state-law claims if an action includes both federal-law and state-law claims. But when the complaint fails to state a viable federal claim and jurisdiction over the remaining claims is based solely on supplemental jurisdiction, a "district court has discretion to decline to exercise supplemental jurisdiction." *Uphoff Figueroa v. Alejandro*, 597 F.3d 423, 431 n.10 (1st Cir. 2010). The Court sees no reason to exercise supplemental jurisdiction over the malpractice claims in this matter.[13] Accordingly, the state-law claims will be dismissed.

### B. Defendants' Motions to Dismiss Under Rule 8(a)

For the sake of completeness, the Court will also address defendants' motions to dismiss under Rule 8, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quotation marks omitted). "This means that . . . the statement of [the] claim must at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quotation marks omitted). Although

---

[13] Federal district courts also have jurisdiction over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Here, it appears that all parties are citizens of Massachusetts, and therefore diversity jurisdiction does not exist.

9

the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)). Even *pro se* plaintiffs are required to comply with procedural and substantive law. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

Moreover, under Rule 8, a plaintiff must plead more than a mere allegation that the defendant harmed him. *Ashcroft*, 556 U.S. at 678 (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." (quoting *Twombly*, 550 U.S. at 555). *See Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotation marks omitted).

As pleaded, the complaint fails to satisfy the pleading requirements of Rule 8. It is rife with bald assertions and legal conclusions, but almost no specific facts. For example, the complaint claims that the private attorney defendants "lied to [plaintiffs]" and "failed to advocate for their clients," but does not explain how. (Compl. at 5). A generous reading fails to disclose any cognizable claims against defendants. *See Bagheri v. Galligan*, 160 Fed. Appx. 4 (1st Cir. 2005) (finding complaint deficient because, among other things, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts). *See also Dewey v. University of New Hampshire*, 694 F.2d 1, 3-4 (1st Cir. 1982)). Because the complaint fails to give defendants a "meaningful opportunity to mount a defense," *Diaz-Rivera v. Rivera-Rodriguez,* 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)), it does not comport with Rule 8, and the motions to dismiss will also be granted on that basis.

### C. *Younger* Abstention

Plaintiffs' request that this Court interfere in ongoing state criminal proceedings comes within the core of the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (stating that there is a "fundamental policy against federal interference with state criminal prosecutions"); *In re Justices of the Superior Court*, 218 F.3d 11, 16 (1st Cir. 2000). "[A] federal court must abstain from reaching the merits of a case over which it has jurisdiction if (1) there is an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding), that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 638 (1st Cir. 1996) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982)).

It is indisputable that any pending criminal charges constitute an "ongoing state judicial proceeding" and that they implicate an important state interest, namely the promotion of public safety. In addition, there is nothing in the complaint to suggest that the Middlesex Superior Court is an unsuitable forum for plaintiffs to seek dismissal of the pending charges. Therefore, this case clearly meets the three-part *Younger* test, and the Court will abstain from interfering with any ongoing state criminal proceeding.

### D. Challenge to the Emergency Child Custody Hearing Rule

The complaint also requests that this Court "[d]eclare the Massachusetts '72-hour Rule' unconstitutional." (Compl. at 7). Plaintiffs appear to challenge the constitutionality of Mass. Gen. Laws ch. 119, § 24, which provides for an emergency hearing before the Juvenile Court within 72 hours of when a child is removed to DCF's custody. *See In re Zita*, 455 Mass. 272,

275-76 (2009). The complaint suggests that DCF removed T. from custody of the Tierneys after authorities discovered that he had been tied up with cords. The emergency hearing, which was held before Justice Tan, determined whether DCF's temporary custody should continue "until a hearing on the merits of [DCF's] petition for care and protection." *See In re Zita*, 455 Mass. at 276.[14]

However, the complaint does not set forth plaintiffs' theory as to why the 72-hour rule is unconstitutional. The complaint merely states that the rule "violate[s] the equal justice provisions of the 14th Amendment to the U.S. Constitution." (Compl. at 5). Under the circumstances, such a conclusory and skeletal claim, not grounded in any established legal framework, is not sufficient to state a claim upon which relief can be granted. The challenge to the Massachusetts 72-hour rule will accordingly be dismissed.

### E. Requests for Costs and Attorney's Fees

In their motions to dismiss, defendants Daly and Hyatt seek sanctions against plaintiffs in the form of reasonable costs and attorney's fees. Fed. R. Civ. P. 11(b) states as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if

---

[14] The complaint does not indicate whether the Tierneys eventually regained custody of T.

specifically so identified, are reasonably based on belief or a lack of information.

It is clear that the complaint falls well short of the standards set forth in Rule 11(b), and thus the Court has the power to "impose an appropriate sanction," at least "after notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1).

Nevertheless, Rule 11 also provides a "safe harbor" provision, which provides as follows:

> A motion for sanctions *must be made separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) (emphasis added). Defendants Daly and Hyatt have not complied with this provision because they included their requests for sanctions in their motions to dismiss.

This Court has previously excused technical non-compliance with the safe-harbor provision. *See Anaqua, Inc. v. Schroeder*, 2013 WL 1412190, at *2 (D. Mass. Apr. 5, 2013) (finding that because the party seeking sanctions had provided adequate notice of the potential claim for sanctions, the purpose of the safe-harbor provision had been served). However, in light of plaintiffs' *pro se* status, this Court is highly reluctant to overlook a violation of the federal rules, and will decline at this time to impose sanctions under Rule 11.

Defendant Soloway has also requested reasonable attorney's fees, albeit under 42 U.S.C. § 1988(b) rather than Rule 11. Section 1988(b) provides that "[i]n any action or proceeding to enforce [section 1983], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *Pro se* parties have been required to pay attorney's fees pursuant to this statute. *See Jones v. Orange Housing Auth.*, 559 F. Supp. 1379, 1382-82 (D.N.J. 1983). However, courts have historically been highly reluctant to assess

attorney's fees against *pro se* litigants in § 1983 actions. *See, e.g.*, *Olsen v. Aebersold*, 149 Fed. Appx. 750, 752 (10th Cir. 2005) (stating that there is "a demanding standard" for imposing fees on *pro se* parties under § 1988(b)).

The First Circuit has cautioned that "an award of fees in favor of a prevailing plaintiff in a civil rights suit is 'the rule, whereas fee-shifting in favor of a prevailing defendant is the exception.'" *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 236 (1st Cir. 2010) (quoting *Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos*, 38 F.3d 615, 618 (1st Cir. 1994)) (vacating district court's fee award). Although prevailing defendants may be awarded fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation," district courts must be cognizant that imposing fees may chill legitimate civil rights claims. *Id.* at 236 (citations omitted). Accordingly, this Court will err on the side of caution and decline to award attorney's fees to Soloway under section 1988(b). It nonetheless cautions plaintiffs that further attempts at frivolous litigation is likely to result in sanctions.

### III. Conclusion

For the foregoing reasons, defendants' motions to dismiss are GRANTED, and the motions for sanctions are DENIED. Plaintiffs shall show cause in writing on or before February 27, 2018, why the claims against defendants John Lapinski, Chad Cronin, Debra Connors, and the Massachusetts Department of Children and Families should not be dismissed for the reasons stated in this memorandum.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: February 13, 2018    United States District Judge

14